Dear Judge McManus,
Your request for an Attorney General's opinion concerning Revised Statute 15:1302(13) and whether or not the term "judge" may be defined as the "magistrate/duty judge", has been forwarded to me for research and reply. In particular, you asked the following:
 May the judges of the 24th Judicial District Court designate the "duty judge" as the person with the authority to sign orders authorizing electronic surveillance?
LSA-R.S. 15:1310(A) mandates:
 Each application for an order authorizing or approving the interception of a wire or oral communication shall be made in writing upon oath or affirmation to a judge in whose district such interception of wire or oral communication shall take place and shall state the applicant's authority to make such application.
In defining the term "judge", LSA-R.S. 15:1302(13) provides:
 Judge means the senior judge of a judicial district court of the state, any judge of the Orleans Parish Criminal District Court, or a judge designated by a majority vote of the court in writing in advance to consider the applications for warrants or orders under this Chapter.
In defining the term "court", C.Cr.P. 931 states:
 Court means a court with criminal jurisdiction or its judge. It does not include a mayor's court or a justice of the peace.
Theretore, for purposes of your question, the person designated as the "duty judge" must be an elected judge of a criminal jurisdiction who serves in that designated capacity on a rotating basis or for a specified period of time. The "duty judge" can not be a commissioner or magistrate appointed by the court to perform magistrate duties.
Now, as to whether the judge designated as the "duty judge" has the capacity to sign surveillance orders, it is helpful to study the electronic surveillance application procedures. Chapter 10 of Title 15 Criminal Procedure deals exclusively with Electronic Surveillance. Within this chapter, only two application procedures are discussed:
 (1) LSA-R.S. 15:1310 — Procedure for interception of wire or oral communication.
 (2) LSA-R.S. 15:1314 — Application for an order for a pen register or trap or trace device.
A comparison of these two statutes is helpful in determining the proper response for this opinion.
LSA-R.S. 15:1314 states that an "application for an order . . ." may be made "to a court of competent jurisdiction." In other words, no one judge is saddled with the responsibility of authorizing or approving application for orders. Any judge presiding in the proper district may serve in that capacity.
In contrast, except in the Orleans Parish Criminal District Court, LSA-R.S. 15:1310 requires a judge to serve as the gatekeeper in approving or authorizing applications for orders. This judge may either be the senior judge of the judicial district or a judge designated by majority vote of the court in writing in advance to serve in that capacity.
Therefore, we are of the opinion that as long as only one judge serves as duty judge, then a vote designating the "duty judge" as the one with the authority to sign electronic surveillance orders does not seem to be a statutory violation.
I hope the foregoing has adequately answered your question. If our office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ELLISON C. TRAVIS ASSISTANT ATTORNEY GENERAL